# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1524

_____

Securities and Exchange Commission,     *
sued as United States Securities and     *
Exchange Commission,     *
    *
         Appellee,     *
    *   Appeals from the United States
       v.     *   District Court for the
    *   District of Minnesota.
Nicholas A. Zahareas,     *
    *    [UNPUBLISHED]
         Defendant,     *
    *
Tuschner & Company, Inc.; John M.     *
Tuschner,     *
    *
         Appellants,     *
    *
Euroamerican Securities, S.A.,     *
    *
         Defendant.     *

_____

No. 98-1527

_____

Securities and Exchange Commission,     *
sued as United States Securities and     *
Exchange Commission,     *
    *
         Appellee,     *
    *

| | |
|---|---|
| v. | * |
| | * |
| Nicholas A. Zahareas, | * |
| | * |
| Appellant, | * |
| | * |
| Tuschner & Company, Inc.; John M. Tuschner, | * |
| | * |
| | * |
| Defendants, | * |
| | * |
| Euroamerican Securities, S.A., | * |
| | * |
| Appellant. | * |

_____

Submitted: November 19, 1998
Filed: February 9, 1999

_____

Before BEAM, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

Nicholas Zahareas, Euroamerican Securities, S.A., John M. Tuschner, and Tuschner & Co. appeal the district court's[1] order granting a preliminary injunction to the Securities and Exchange Commission (SEC) and denying their motions to dismiss for lack of personal and subject-matter jurisdiction. Zahareas is currently subject to a 1993 SEC bar order prohibiting him from associating with a broker or dealer. The preliminary injunction (1) mandates that Zahareas comply with the 1993 bar order

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

-2-

and enjoins him from associating with a broker or dealer; (2) enjoins Tuschner & Co. from permitting a person subject to a bar order to become associated with Tuschner & Co.; and (3) enjoins Zahareas, Tuschner and their agents from aiding and abetting any violations of 15 U.S.C. § 78o(b)(6)(B)(i) and (ii).

After careful review of the record and the parties' briefs, we affirm for the reasons set forth in the district court's opinion. See 8th Cir. R. 47B.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

After consenting to a 1993 SEC order that permanently barred him from participation in the securities industry in the United States, Mr. Zahareas established a broker-dealer business called Euroamerican in Athens, Greece. Tuschner & Co., a Minneapolis broker-dealer registered with the SEC, procured American securities for Euroamerican's Greek clients. The SEC commenced this enforcement action claiming that Mr. Zahareas violated the law by associating with a registered broker-dealer, that Tuschner & Co. violated the law by associating with a barred person, and that the parties aided and abetted each other in these violations.

The order entered against Mr. Zahareas did not allow him to "associate with" broker-dealers. Section 3(a)(18) of the Exchange Act, 15 U.S.C. § 78c(a)(18), defines a "person associated with a broker or dealer" or an "associated person" as "any partner, officer, director, or branch manager of such broker or dealer (or any person occupying a similar status or performing similar functions), any person directly or indirectly controlling, controlled by, or under common control with such broker or dealer, or any employee of such broker or dealer." The SEC argued below, and the trial court held, that the acts performed by Mr. Zahareas and Euroamerican were similar to those performed by an employee, and that Mr. Zahareas was therefore an "associated person" of Tuschner & Co.

The difficulty with this holding, as Defendants point out, is that the parenthetical language relied upon by the SEC and the trial court for this proposition ("or any person occupying a similar status or performing similar functions"), is located directly after the portion of the definition referring to partners, officers, directors, and branch managers. This language does not in any way purport to modify the part of the statute that defines employees, and thus cannot expand the definition of an employee. Therefore only actual employees (and not persons similar to employees) can be "associated persons."

On appeal, the SEC appears to have abandoned its original position in favor of an argument that Mr. Zahareas was an "associated person" because he was under Tuschner & Co.'s control. The parties agree that the issue of control should be decided by basic principles of agency law. The considerations that guide the inquiry into whether control existed include where the right to control the means and manner of performance resided, what the mode of payment was, who furnished relevant materials and tools,who controlled the workplace, and who had the right to discharge. See, e.g., Guhlke v. Roberts Truck Lines, 128 N.W.2d 324, 326 (1964). The most important of these considerations is who had the right to control the means and manner of performance. Id. The evidence before the district court in this case tended to show that Euroamerican operated with separate materials and tools at a separate location in a separate nation that Tuschner & Co.'s leadership had never visited; that neither party had a right to discharge the other, although both had a right to sever their business relationship; and, most important, that Tuschner & Co. had no right to control the means and manner of Euroamerican's and Mr. Zahareas's business. Euroamerican had its own clients before it started working with Tuschner & Co., and was free to advise those clients however it wanted and engage in any business that it wanted with those clients.

The SEC calls our attention to several facts that it believes support its claim that Mr. Zahareas was an agent of Tuschner & Co., none of which is particularly persuasive to me. The SEC contends that Mr. Zahareas acted in a manner similar to

that of a Tuschner & Co. representative, but the activities to which it points were not inconsistent with two separate companies doing business with each other; it points out that Tuschner & Co.'s compliance officer reviewed all orders and documents, but that is only to be expected because Tuschner & Co. was the registered broker-dealer subject to SEC regulation; and it notes that Tuschner & Co. kept Euroamerican's clients when Tuschner & Co. severed its relationship with Euroamerican and Mr. Zahareas, but that could simply be because those clients wished to continue investments in American securities, a service it appeared that Mr. Zahareas could no longer provide. Considering all these facts, it seems clear to me that the SEC has falied to establish that Mr. Zahareas was under Tuschner & Co.'s control.

Although the briefs in this case do not raise the matter, I note that the trial court's findings on the relevant factual issues seem to be self-contradictory. The trial court found both that Mr. Zahareas was an employee of Tuschner & Co. and that he exercised control over Tuschner & Co. Since the core of an employer/employee relationship is control, the court effectively found that Tuschner & Co. and Mr. Zahareas were employees of each other. The two businesses appear to have had some degree of influence over one another, as well as differing degrees of control over the various components of the business deals they executed together, but neither was legally under the control of the other.

On the present state of the record, it appears to me that the district court erred in entering the preliminary injunction. I would therefore reverse the judgment and remand for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.